UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER NICK MARTINEZ, JR., | CV F 04-5863 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PLEASANT VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. Section 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

A jury convicted Petitioner of second degree burglary (Penal Code Section 211) (count 1) and commercial burglary (Penal Code Section 459)(count 2).  The jury found true an allegation that Petitioner had a prior serious felony conviction within the meaning of the three strikes law.   The court also found true enhancement alleging Petitioner had a prior serious felony conviction (Penal Code Section 667(a)) and a prior prison term (Penal Code Section 667.5(b)).  The court sentenced Petitioner to serve a total prison term of eight years.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), raising the same two issues raised in the present petition for writ of habeas corpus. The Court of Appeal affirmed Petitioner's conviction and sentence in a reasoned decision on October 16, 2003. Petitioner filed a petition for review with the California Supreme Court, which it denied on January 28, 2004, without comment.

On November 1, 2004, Petitioner filed a petition for writ of habeas corpus with Fresno County Superior Court, raising claims that are not raised in the present petition. The court denied the petition on November 12, 2004.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on June 18, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the

1  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2      The AEDPA altered the standard of review that a federal habeas court must apply with
3  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
4  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
5  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
6  involved an unreasonable application of, clearly established Federal law, as determined by the
7  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
8  determination of the facts in light of the evidence presented in the State Court proceeding." 28
9  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
10 Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
11 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
12 concludes in its independent judgment that the relevant state-court decision applied clearly
13 established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,
14 that application must be objectively unreasonable." Id. (citations omitted).

15     When the California Supreme Court's opinion is summary in nature, this court "looks
16 through" that decision and presumes it adopted the reasoning of the Court of Appeal, the last state
17 court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111
18 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption
19 that higher court agrees with lower court's reasoning where former affirms latter without discussion);
20 see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to
21 last reasoned state court opinion in determining whether state court's rejection of petitioner's claims
22 was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

23     While habeas corpus relief is an important instrument to assure that individuals are
24 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
25 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
26 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
27 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
28 determinations must be presumed correct, and the federal court must accept all factual findings made

1  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

2  convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

3  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

4  1388 (9th Cir. 1997).

## FACTUAL BACKGROUND

The Appellate Court summarized the facts of the case as follows:

> Michael Simms was employed as manager of a Blockbuster video store in Fresno on September 10, 2001. Martinez and Amy Blackmon entered the store at 7:00 p.m. Simms became leery, when Martinez and Blackmon failed to respond to Simm's greeting. Simms watched the couple as they walked over to the game section of the store. Martinez kept looking over his shoulder toward Simms as he talked to Blackmon.
> As Martinez and Blackmon left the area, Simms saw Blackmon carrying two video games. Martinez exited the store. Blackmon stopped prior to passing through the electronic security system at the exit. Martinez reentered the store and the couple exited the store together activating security system sensors. Simms told them to "hold on." Another store employee also told Martinez and Blackmon to stop. An inventory of the store conducted later showed video games and a remote control for video games were missing.
> Simms followed Martinez and Blackmon out the door to get their license number. Store policy was to avoid confrontation with anyone. Simms was not trying to detain Martinez or Blackmon. Martinez and Blackmon were walking quickly. Martinez was tossing a cell phone in his hand.
> From a distance of about 18 feet, Martinez turned around and told Simms, "Homes, you lost this product today." Simms replied that he was not worried about the product because he would get it back. Holding the cell phone in his left hand, Martinez placed both of his hands together clinched into fists in front of his abdomen. Raising his right hand toward his head above his shoulder, Martinez flipped an object that appeared to be a knife with a silver blade six to eight inches long. Martinez pointed the blade towards his own face. Simms could see the blade and knife handle. At this moment, Martinez and Simms were between 10 and 15 feet apart from one another.
> As Martinez raised the knife he said that if Simms thought he was getting the product back, he "ass was as good as stabbed." Simms feared for his life. Simms thought about his wife and four children. Simms thought that if Martinez was serious, he would never see his family again. Seeing the knife and hearing the threat caused Simms to stop.
> Simms explained that his duty was not to apprehend Martinez. Store policy was to obtain a description of the vehicle and as much information as possible to give to the authorities. [Footnote omitted.] Simms told Detective Dingler, who investigated the crime, that Martinez told Simms he would stab him if he tried to retrieve the stolen property. Simms told Dingler he was frightened and decided not to pursue retrieval of the property. Simms told Officer Maffei he left the store to pursue the property that had been taken. Maffei later acknowledged that Simms may have said he went outside to chase the suspects.

Unpublished Opinion in Case no. F040783, 2 - 4.

//

//

**DISCUSSION**

Element of Force or Fear

Petitioner contends that he was deprived of his due process right to a fair trail, because there was insufficient evidence that the property was secured by force or fear to support his conviction. He also contends that the trial court applied an incorrect legal standard in denying his motion to dismiss the robbery allegation and convicted him applying the same incorrect standard. Respondent disputes these contentions.

The Court of Appeal rejected both of these contentions. In regard to Petitioner's contention regarding sufficiency of the evidence, the Court of Appeal explained:

> A robbery is defined as the felonious taking of personal property in the possession of another, from his or her person or immediate presence, against his or her will, accomplished by means of force or fear. (Pen. Code, § 211; *People v. Travis* (2002) 107 Cal.App.4th 368, 373.) The commission of a robbery continues so long as the property taken is being carried away to a place of temporary safety. (*People v. Haynes* (1998) 61 Cal.App.4th 1282, 1290.) The scene of a robbery is not a place of temporary safety. (*Id*. at p. 1292.) Mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. (*People v. Estes* (1983) 147 Cal.App.3d 23, 27-28.)
> The element of force or fear requires proof from the prosecution that the victim was in fact afraid, and that such fear allowed the crime to be accomplished. Actual fear may be inferred from the circumstances. It need not be explicitly testified to by the victim. (*People v. Cuevas* (2001) 89 Cal.App.4th 689, 698.)."

Unpublished Opinion in Case no. F040783, 4 - 5.

Applying this standard, the Court of Appeal concluded that there was ambiguity in the record concerning Simm's intent with regard to recovering the property, and then found in part as follows:

> Even if Simms was not trying to retrieve the stolen property, Martinez's use of a knife made the escape easier. Where a perpetrator begins a theft using peaceful means to separate property from a victim, such as pretext, the crime of theft is transformed into robbery where force or fear are employed during escape. (*People v. Hill* (1998) 17 Cal.4th 800, 850; *People v. Flynn* (2000) 77 Cal.App.4th 766, 771-772.)

Unpublished Opinion in Case no. F040783, 5. After further reviewing the facts of the case, the Court of Appeal found:

> There was sufficient evidence before the trial court from which it could infer that Martinez was close enough to attack Simms had Simms began [sic] writing down the vehicle description and license number before Martinez and Blackmon drove away. The evidence adduced at trial established that Martinez's threat actually impaired Simm's ability to obtain a full license number from the vehicle used for the escape. There is a factual nexus between Martinez's threat, the fear that Simms felt, and the [sic] Martinez's attempt to escape.

1  Unpublished Opinion in Case no. F040783, 6.

2      In regard to Petitioner's claim regarding the wrong legal standard, Petitioner contends that the trial court misunderstood the legal requirements of the element of force or fear and therefore applied the wrong legal standard in denying his motion for acquittal pursuant to Penal Code Section 1118 and when it found him guilty of robbery. The Court of Appeal rejected this claim, explaining in part:

> Martinez's threat caused Simms to fear for his physical safety. In our analysis of this issue, we will put aside the discussion of the conflicting evidence concerning whether Simms intended to retrieve the stolen property. We do so because there was uncontroverted evidence adduced at trial that Martinez's threatening conduct facilitated his escape. This fact was expressly noted by the trial court in its final ruling finding Martinez guilty of robbery. The trial court found Martinez's threat facilitated Martinez's and Blackmon's escape with stolen property.
> Even if Simms had no intent to retrieve the stolen property, Martinez's conduct was calculated to induce fear – which he indeed caused – to effectuate his escape with the property. Because Martinez successfully threatened Simms to effectuate his escape, the trial court was correct in its comment that Simm's intent to take back the property was not germane to whether a robbery was committed. Given Simm's proximity to Martinez, even at a distance of 10 to 15 feet, the feasibility and possibility of a knife attack by Martinez was real and life threatening.
> Simms testified that when he saw the knife with a six to eight inch blade and heard Martinez's threat, he thought that if Martinez attacked him he would never see his wife and children again. Martinez and Blackmon then escaped with the stolen property. It appears to us that Martinez is confusing Simm's apparent lack of fear as he exited the store with the undeniable fear Simms was feeling as Martinez brandished the knife and made his threat. Viewed in this light, the trial court's observation was accurate. Simm's *initial* intent as he left the store had no impact on his *later* fear after Martinez's threat.

Unpublished Opinion in Case no. F040783, 6.

    As set forth above, Petitioner's burden is to show that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

This court finds that under the Court of Appeal's interpretation of state case law concerning the fear or force element of the crime of robbery, there was sufficient evidence for a rational trier of fact to find the elements of the robbery beyond a reasonable doubt. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review). In light of the facts presented, a rational trier of fact could have found the elements of robbery based on the fear inflicted upon Simms by Martinez in the parking lot. See Estes, 147 Cal.App.3d at 27 - 28. Therefore, the trial court did not apply the wrong standard in denying his motion for acquittal pursuant to Penal Code Section 1118 or in finding him guilty of robbery. This court thus finds that Petitioner has not met his burden under the AEDPA and this claim provides no basis for habeas corpus relief.

Custodial Interrogation

Petitioner contends that he did not expressly or impliedly waive his Miranda rights, that the statements he made while in custody were involuntary, and that his statement was taken in violation of Edwards v. Arizona, 451 U.S. 477 (1981).

Under Miranda, a person in custody must be informed before interrogation that he has a right to remain silent and to have a lawyer present. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966). "[I]f a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." Alvarez v. Gomez, 185 F.3d 995, 997 (9th Cir. 1999) (citations omitted). Whether a suspect has invoked his right to counsel is an objective inquiry. Davis v. United States, 512 U.S. 452, 458-459, 114 S.Ct. 2350 (1994). "Invocation of the Miranda right to counsel 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." Id., 512 U.S. at 459 (citing McNeil v. Wisconsin, 501 U.S. 171, 178, 111 S.Ct. 2204, 2209. "But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning." Id. Rather, the suspect must unambiguously request counsel. Id.

In addressing this issue, the Court of Appeal held as follows:

> Martinez asserts that Detective Dingler engaged in persistent efforts to get him to talk. We do not agree. After giving Martinez complete *Miranda* advisements, Martinez was will to talk about his other case. When shown a picture of Blackmon and asked about the Blockbuster robbery, Martinez asked to return to jail. Dingler once told Martinez the police needed to hear his side of the story. Martinez again requested that he be returned to jail. Dingler complied with the request. Once he was in the holding cell, Martinez became upset, began banging his head on the wall, and asserted he was accused of something he did not do.
> The interrogation ceased until Martinez became agitated, began to bang his head, and started talking voluntarily about the Blockbuster incident without prompting from Dingler. Martinez's comments were made close in time after he received full *Miranda* advisements. Dingler's conduct did not constitute a persistent effort to wear down a defendant to get him to talk. Martinez neither requested counsel nor did he invoke his right to silence prior to voluntarily talking to Detective Dingler from the holding cell.
> Martinez has failed to show that his comments to Dingler were involuntary or the result of coercive police conduct. Martinez has also failed to show that his comments to Dingler were taken in violation of *Miranda* or *Edwards*.

Unpublished Opinion in Case no. F040783, 10 - 11.

After reviewing Petitioner's arguments, the court finds that Petitioner simply emphasizes the facts favorable to contention, putting the most favorable possible interpretation on those facts. This is insufficient to carry his burden of showing that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court finds that this contention provides no basis for habeas corpus relief.

**ORDER**

Based on the foregoing,

1) The petition for writ of habeas corpus is DENIED; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   November 14, 2006**           **/s/  William M. Wunderlich**
bl0dc4                                             UNITED STATES MAGISTRATE JUDGE